IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES GRANT ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:12-CV-573-TMH |
| | ) | [WO] |
| | ) | |
| DR. S. WARR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Charles Grant Alexander ["Alexander"], an individual confined at the Russell County Jail, challenges the medication prescribed to him for pain in his groin area.  Alexander seeks declaratory and injunctive relief for the alleged violation of his constitutional rights.

The defendants filed a special report and supporting evidentiary materials addressing Alexander's claim for relief.  In these documents, the defendants adamantly deny Alexander's allegation of deliberate indifference to his medical needs.  Specifically, the defendants maintain they provided Alexander all necessary and appropriate treatment, including prescribing medication, routine examinations, an ultrasound on the area of associated pain and referral to a free-world urologist.  In addition, the defendants assert the complaint is due to be dismissed because Alexander failed to properly exhaust an administrative remedy

available to him at the Russell County Jail with respect to the claim presented in this cause of action.  The defendants base their exhaustion defense on the plaintiff's failure to file a grievance regarding the claim raised in the complaint.[1]

Pursuant to governing case law, the court deems it appropriate to treat the defendants' written report as a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'").  Thus, this case is now pending on the defendants' motion to dismiss.  Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted to the extent they seek dismissal of this case on exhaustion grounds.

## II. DISCUSSION

Alexander challenges the adequacy of medical treatment provided to him for pain in his testicular area.  Specifically, Alexander challenges the effectiveness of medication prescribed for complaints of pain.  Alexander did not submit a grievance to jail officials

---

[1] Although Alexander filed a grievance regarding his missing the medication cart on May 27, 2012, a Sunday, *Defs.' Ex. E - Doc. No. 13-9*, this grievance does not address the issue presented herein.  Upon receipt of this grievance, nurse Tina Riley-Pelfrey discussed with Alexander the proper procedure to obtain medication on the weekends, explaining to Alexander that it is his responsibility to awaken on weekends for receipt of medication and "not getting out of bed and coming to the medical cart [when summoned] is treated as a refusal of medication." *Defs.' Ex. 2 (Aff. of Tina Riley-Pelfrey) - Doc. No. 13-2* at 5.  Alexander did not appeal nurse Pelfrey's response to this grievance within the time required by the applicable grievance procedure.  Thus, any claim related to this grievance would likewise be subject to dismissal on exhaustion grounds.

regarding this claim.  The defendants therefore maintain that Alexander is entitled to no relief because he failed to properly exhaust the administrative remedy provided at the Russell County Jail prior to filing this complaint as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement.  *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006).  Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***."  *Woodford*, 548 U.S. at 93 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical

3

procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . .   Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91.  The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her.  548 U.S. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

    The record in this case establishes that the Russell County Jail provides a grievance procedure for inmate complaints.  *Defs.' Ex. B - Doc. No. 13-6* at 2.  The relevant portion of the grievance procedure allows an inmate to file a grievance with respect to any action of staff members regarding an alleged violation of his civil rights.  *Id.*  If the inmate is dissatisfied with the initial response to his grievance, the inmate "may appeal directly to the Administrator of Corrections.  [The] appeal must be filed within 72 hours [of the inmate

receiving the response], excluding Saturdays, Sundays, and legal holidays . . . ." *Defs.' Ex. E - Doc. No. 13-9* at 2. The evidentiary materials filed by the defendants demonstrate that Alexander failed to file a grievance regarding the claim made the basis of the instant complaint prior to filing this case. Alexander does not dispute his failure to properly exhaust the jail's grievance procedure. The court therefore concludes that the claim presented in this cause of action against the defendants is subject to summary dismissal without prejudice as Alexander failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims. *Ngo*, 548 U.S. at 87-94; *Bryant*, 530 F.3d at 1374-75 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion to dismiss filed by the defendants be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy currently available to him at the Russell County Jail; and

2.  This case be DISMISSED without prejudice pursuant to the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an administrative remedy presently available to him at the Russell County Jail.

It is further

ORDERED that on or before **November 20, 2012**, the parties may file objections to

the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of November, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE